# EXHIBIT A

Filing # 152535918 E-Filed 06/30/2022 03:43:35 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO:  2022-012157-CA-01

MELISSA BREZAULT,

   Plaintiff,

vs.

BRITISH AIRWAYS PLC,

   Defendant.

_____/

## COMPLAINT

Plaintiff, MELISSA BREZAULT, by and through undersigned counsel, hereby sues Defendant BRITISH AIRWAYS PLC (hereinafter "BRITISH AIRWAYS"), and alleges as follows:

## GENERAL ALLEGATIONS

1.  This is an action for damages in excess of $30,000.00 pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal, May 28, 1999, ICAO Doc. No. 9740 (effective Nov. 4, 2003)(hereinafter "Montreal Convention") based on injuries sustained by Plaintiff, MELISSA BREZAULT, while a passenger of Flight BA206 operated by Defendant, BRITISH AIRWAYS, which was traveling from Miami, United States, to London, United Kingdom, on January 27, 2022.

2.  The transportation out of which the subject matter of this action arose was an "international carriage" within the meaning of the Montreal Convention.

3.  At all times material, Plaintiff, MELISSA BREZAULT, was a citizen of the United States and a permanent resident of the State of Florida.

Brezault v. British Airways
Case No.:
Complaint

4.      At all times material, Defendant, BRITISH AIRWAYS,  was registered with the State of Florida as a foreign corporation and maintains a registered agent in this State.

5.      Defendant, BRITISH AIRWAYS, issued Plaintiff's ticket for Flight BA206 in the State of Florida, therefore, "a substantial part of the events or omissions giving rise to the claim occurred" in this State.

6.      At all times material, Defendant, BRITISH AIRWAYS, operated services for the carriage of passengers by air to and from the State of Florida either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement and conducted its business of carriage of passengers by air from premises leased or owned by Defendant itself or by another carrier with which Defendant has a commercial agreement.

7.      At all times material, Defendant, BRITISH AIRWAYS, had "a place of business" within the meaning of the Montreal Convention in the following location in the United States: 11 West 42nd Street, 24th Floor, New York, NY 10036.

8.      This Court has general personal jurisdiction over the Defendant, BRITISH AIRWAYS, pursuant to Fla. Stat. §48.193(1)(a)(1) as the Defendant, at relevant times, directly, or through its agents, officers or representatives operated, conducted, engaged in or carried on a business venture in the State of Florida or has an office or agency in this State.

9.      Venue is proper in this Court pursuant to Fla. Stat. §48.193 because Defendant, BRITISH AIRWAYS, is engaged in substantial and not isolated activity within the State of Florida and therefore is subject to the jurisdiction of the courts of this State.

Brezault v. British Airways
Case No.:
Complaint

## **FACTS GIVING RISE TO THIS CLAIM**

10.     Plaintiff, MELISSA BREZAULT, purchased round trip tickets from Defendant,

BRITISH AIRWAYS, for air travel from Miami to Nairobi with a layover in London.

11.     On January 27, 2022, Plaintiff, MELISSA BREZAULT, boarded Flight BA206

from Miami to London operated by Defendant, BRITISH AIRWAYS.

12.     Following dinner service, the cabin crew began offering passengers hot beverages.

13.     While serving those beverages, a flight attendant spilled hot tea on Plaintiff's lap

resulting in second degree burns to her inner right thigh.

## **COUNT I – CLAIM FOR RELIEF UNDER THE MONTREAL CONVENTION**

14.     Plaintiff realleges and incorporates by reference paragraphs 1- 13 as if fully set

forth herein.

15.     Plaintiff, MELISSA BREZAULT, was a passenger on board of Flight BA206

travelling from Miami to London.

16.     The spilling of hot tea on Plaintiff's lap constitutes an "accident" within the

meaning of the Montreal Convention.

17.     As a direct proximate result of the subject "accident", Plaintiff suffered bodily

injury.

18.     Because Flight BA206 was between points in two different nations, that is, between

the United States and the United Kingdom, and because those nations are signatories to the

Montreal Convention, Flight BA206 constituted "international carriage" within the meaning of the

Montreal Convention.

3

Brezault v. British Airways
Case No.:
Complaint

19.     Defendant, BRITISH AIRWAYS, was the "actual carrier" of Flight BA206 within the meaning of the Montreal Convention.

20.     Pursuant to Article 17 of the Montreal Convention Defendant, BRITISH AIRWAYS, is liable for the bodily injury sustained by Plaintiff, MELISSA BREZAULT.

21.     The Defendant's liability for the injury of Plaintiff under the Montreal Convention is absolute, that is, it is premised on strict liability up to 128,821 Special Drawing Rights ("SDR").

22.     In addition, pursuant to Article 21 of the Montreal Convention, Defendant is liable to the Plaintiff for all personal injury exceeding 128,821 SDR unless the Defendant can prove that: (a) the injuries were not due to the negligence or other wrongful act or omission of the carrier or its servants or agents; or (b) the injuries were solely due to the negligence or other wrongful act or omission of a third party.

23.     Defendant, BRITISH AIRWAYS, cannot prove either of the exceptions to liability set forth in Article 21 of the Montreal Convention.

24.     Defendant, BRITISH AIRWAYS, is therefore liable to Plaintiff for all compensatory damages including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment, lost income, and loss of ability to earn money and other general and special damages. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

Brezault v. British Airways
Case No.:
Complaint

WHEREFORE, Plaintiff, MELISSA BREZAULT, demands judgment for damages against

Defendant, BRITISH AIRWAYS PLC, plus interest and costs.  The Plaintiff further demands trial

by jury on all issues so triable.

## COUNT II – NEGLIGENCE

25.     Plaintiff realleges and incorporates by reference paragraphs 1-24 as if fully set forth

herein.

26.     At all times material, Defendant, BRITISH AIRWAYS, owed a duty to Plaintiff,

MELISSA BREZAULT, to provide air carriage with the highest degree of care so as to prevent

injury of any kind.

27.     Defendant, BRITISH AIRWAYS, by and through the acts of its employees or

agents was negligent and breached the aforementioned duty by:

a.  Failing to conduct air carriage operations in a reasonably safe manner;

b.  Failing to properly train and supervise its flight attendants so as to prevent
    injury to passengers during food and beverage service;

c.  Failing to maintain proper temperature of food and beverages so as to prevent
    injury to passengers;

d.  Failing to design, construct, and/or maintain its flight equipment in a reasonable
    manner so as to prevent and/or minimize the risk of injury to passengers during
    food and beverage service; and

Brezault v. British Airways
Case No.:
Complaint

> e.  Failing to maintain, and/or implement adequate safety policies, safety measures, and safety procedures necessary to protect passengers, from the foreseeable danger posed by unreasonably hot beverages or food items.

28.  As a direct proximate result of the subject incident, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of pre-existing conditions, hospitalization, medical and nursing care and treatment, lost income, and loss of ability to earn money and other general and special damages. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MELISSA BREZAULT, demands judgment for damages against Defendant, BRITISH AIRWAYS, plus interest and costs.  The Plaintiff further demands trial by jury on all issues so triable.

DATED this 30th  day of June, 2022.

/s/ Juan C. Diaz Avila

Mariano Garcia
Florida Bar No.  31143
Juan C. Diaz Avila
Florida Bar No.: 91011
Attorney E-Mail: jdiaz@searcylaw.com and
afm@searcylaw.com
Primary E-Mail: _garciateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: (561) 686-6300
Fax: (561) 383-9463
Attorney for Plaintiff
